UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-24141-KMM

YABRAE BUGGS,

    Plaintiff,
v.

WAYFAIR LLC,

    Defendants.
_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

THIS CAUSE came before the Court upon the Class Action Complaint filed by Plaintiff Yabrae Buggs ("Plaintiff") against Defendant Wayfair LLC ("Defendant"). ("Compl.") (ECF No. 1). In alleging jurisdiction, the Complaint states that the Court "has subject matter jurisdiction under the Class Action Fairness Act of 2005 . . . codified as 28 U.S.C. § 1332(d)(2), because the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs; the number of members of the proposed Class exceeds 100; and Plaintiff and members of the proposed Class are citizens of a state different than Defendant." *Id*. ¶ 9. However, complete diversity between Plaintiff, or any member of the class, and Defendant is not apparent on the face of the Complaint. *See* 28 U.S.C. § 1332(d)(2)(A).

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The Court is obligated to inquire into the question of its jurisdiction over cases brought before it. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must

be policed by the courts on their own initiative even at the highest level."); *Univ. of S. Ala.*, 168 F.3d at 410 ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410; *see* Fed. R. Civ. P. 12(h)(3).

"If jurisdiction is based on either [diversity or federal question grounds], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor*, 30 F.3d at 1367. "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). "When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). And "[w]here jurisdiction depends on diversity of citizenship, for example, courts will look to see whether the parties are in fact diverse, not simply whether they are arguably so." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1322 (2017).

If the party invoking the court's jurisdiction fails to do so, it cannot satisfy its burden of establishing diversity of citizenship. *See id.* Accordingly, "the Court lacks sufficient information to satisfy the jurisdictional inquiry." *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020).

Here, the Complaint fails to adequately allege the citizenship of Defendant—and nothing in the record provides further clarity. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (noting that "a party must list the citizenships of all the members of the limited liability company" to establish the citizenship of an LLC for diversity purposes). The Complaint only states that Defendant is a Delaware corporation with its headquarters and principal place of business in Boston, Massachusetts, but it does not allege the citizenship of each of its members. *See* Compl. ¶ 3. As such, Plaintiff has failed to satisfy its burden of establishing diversity of citizenship.

Accordingly, UPON CONSIDERATION of the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED the above-styled case is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint that properly alleges the basis for invoking diversity jurisdiction on or before October 7, 2025. Failure to so will result in this action being dismissed with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this __23rd__ day of September, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

3